UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIT UW LIMITED,                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO.  1:21-CV-280-TBM-RPM

D.S. LADNER HOLDINGS,
LLC, ET AL.,                                                                   DEFENDANTS

## ORDER

### I.      Introduction

Before the Court is a motion by defendants D.S. Ladner Holdings, LLC and DAS Holdings

LLC's (collectively, "Ladner LLCs") for leave to file a third-party Complaint. Doc. [21]. The

defendants make three arguments in support of their motion, including as follows: (i) IAS Claim

Services ("IAS") should be impleaded as a third-party defendant through Rule 18 and Rule 19; (ii)

courts in the Fifth Circuit "allow" joinder of insurance agents in coverage disputes; and (iii) the

proposed claims against IAS "are valid claims supported by Mississippi law and recognized in this

Court." Doc. [21], at 4–5.[1]

### II.      Factual Background

The Court begins with the relevant background. Plaintiff Brit UW Limited ("Brit") underwrote

two asset protection insurance policies ("ASPs") that were issued to the Ladner LLCs through its

coverholder. Doc. [1], at 3. The Ladner LLCs allege that the ASPs were purchased to protect "200-

---

[1] Rule 14 does not contemplate testing the legal sufficiency of claims against unserved proposed parties, such as IAS. Indeed, Rule 14(b)(1) invites a proper third-party defendant to seek dismissal of a third-party claim against him under Rule 12(b)(6). Fed. R. Civ. P. 14(b)(1). Likewise, the Court would simply be undertaking an independent review of the claims without an interested party in a position to oppose the motion. Undertaking such an inquiry would either be pointless, Fed. R. Civ. P. 14(b)(1), or unfair to the proposed third-party defendant. For these reasons, Ladner's third argument fails without further comment.

plus" houses located in the Gulfport, MS area. Doc. [21], Ex. 1, at 2.  The ASPs allegedly provided coverage for both flood and non-flood property damage for the period of November 17, 2019 to November 17, 2020. Doc. [1], at 3; [21], Ex. 1, at 2. However, under the ASPs, Brit claims, the Ladner LLCs needed to file any and all insurance claims within 30 days of the "date of loss or damage[,]" i.e. November 27, 2020. Doc. [1], at 9.

On October 28, 2020, Hurricane Zeta struck the Mississippi Gulf Coast. Doc. [21], Ex. 1, at 2–3. On November 2, 2020, Steven Ladner ("Ladner"), on behalf of the Ladner LLCs, began to submit "claims on a special reporting form" to Brit. Doc. [1], at 7; [21], Ex. 1, at 3. Brit retained IAS as its "third-party administrator" in charge of "adjust[ing] the losses and inspect[ing] the insured properties." Doc. [21], Ex. 1, at 3. In turn, IAS dispatched Lucas McCoy ("McCoy"), to provide estimates for the insured properties. Doc. [21], Ex. 1, at 3.

Between November 2 and November 27, 2020, the Ladner LLCs allege, McCoy performed initial inspections on only a portion of the insured properties. Doc. [21], Ex. 1, at 3. Consequently, by November 27, 2020, the Ladner LLCs allege, IAS fell well short of inspecting all of the insured properties and, as such, many "formal" claims were only filed after November 27, 2020. Doc. [1], at 9; [21], Ex. 1, at 3. Furthermore, the Ladner LLCs allege that McCoy's initial estimates for the inspected properties were "grossly undervalued" based on estimates from their own adjuster, Chuck Vance ("Vance"). *Ibid.* After asking McCoy to reinspect the properties in the presence of Vance, the Ladner LLCs allege, McCoy then adjusted his earlier estimates significantly upward. *Id.*, Ex. 1, at 3–4. Consequently, many otherwise timely claims were also refiled after November 27, 2020. *Id.*, Ex. 1, at 4–5.

According to Brit, the Ladner LLCs continued to submit additional late claims until at least July 2021. Doc. [1], at 7–8. For example, the Ladner LLCs submitted 20 additional claims on May

2

19, 2021 and more than 50 claims on July 20, 2021. *Id.*, at 8. Notwithstanding these late claims, the Ladner LLCs allege, Brit paid benefits for several such late claims and only stopped when the Ladner LLCs began submitting significantly higher value claims. Doc. [21], Ex. 1, at 4. This action followed.

### III.    Procedural History

On August 26, 2021, Brit filed the instant declaratory action, 28 U.S.C. § 2201, with this Court seeking judgment that it bears no liability to the Ladner LLCs under the ASPs for certain insurance claims filed after November 27, 2020. Doc. [1], at 2, 9. On October 21, 2021, the Ladner LLCs filed an Answer and asserted four counterclaims against Brit. Doc. [13]. On December 3, 2021, the Ladner LLCs filed the instant motion for leave to file a third-party complaint against IAS. Doc. [21]. The Ladner LLCs seek to assert three claims against IAS, including: (i) grossly negligent claim adjustment; (ii) grossly negligent misrepresentation about the propriety of filing claims late; and (iii) respondeat superior. *Id.*, Ex. 1.

### IV.    Analysis

#### A.  Third-Party Complaints, Rule 18, and Rule 19

At the threshold, a defendant can only implead a third-party defendant through Rule 14. *United States v. Dawn Properties, Inc.*, 64 F. Supp. 3d 955, 963 (S.D. Miss. 2014). As such, a defendant cannot use Rule 18, *Crews & Assocs., Inc. v. City of Port Gibson*, No. 5:14–CV–37–DCB–MTP, 2014 WL 12641994, at *2 (S.D. Miss. Oct. 14, 2014); *Fields v. Experian Info. Sols., Inc.*, No. CIV.A. 2:02–CV–271–M–A, 2003 WL 1960010, at *1 (N.D. Miss. Apr. 16, 2003), or Rule 19, *Dawn Properties, Inc.*, 64 F. Supp. 3d at 963; *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266, 270–71 (E.D. La. 2010), to join a third-party defendant—only Rule 14. Indeed, "it [would be] anomalous that a party might accomplish through Rule [18 or Rule] 19,

which contains no reference to third-party practice or the complexities that arise from the filing of third-party complaints, what is explicitly provided for in detail by Rule 14." *Branch Consultants, L.L.C.*, 265 F.R.D. at 270–71. Since the Ladner LLCs are seeking to implead a third-party defendant, Rule 14 applies. A third-party defendant is legally distinct from a Rule 13(h) counter-defendant. *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. CV SA–17–CA–808–XR, 2017 WL 10576036, at *3 (W.D. Tex. Sept. 7, 2017). Therefore, their argument that they can implead a third-party defendant through Rule 18 or Rule 19 fails. Doc. [21].

### B.  Rule 14

In relevant part, Rule 14 states: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). However, Rule 14 "permits the use of the procedural device of impleader *only when* the third-party defendant's potential liability is dependent upon the outcome of the *main claim*." *Southeast Mortg. Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975) (emphasis added). As such, Rule 14 impleader is only appropriate when the "defendant is attempting to transfer to the third-party defendant the liability asserted against [the] defendant by the original plaintiff." *When a Third-Party Action Is Proper*, 6 FED. PRAC. & PROC. CIV. § 1446 (3d ed. 2021). *See also NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P.*, 853 F. Supp. 2d 654, 659 (S.D. Tex. 2012).

Here, the "main claim" is Brit's sole declaratory claim in its Complaint. *Mullins*, 514 F.2d at 749.  Brit's "main claim" is a declaratory action seeking a judgment that it bears no liability for certain claims filed by the Ladner LLCs. Doc. [1], at 2, 9. Turning to the defendants' proposed third-party claims, these claims do not fall within the narrow scope of Rule 14. To begin with, the agent/insurance adjuster, which the Ladner LLCs allege IAS to be, of a disclosed principal is

generally not liable with regard to a contract entered into by the principal. *Nationwide Mut. Ins. Co. v. Evanston Ins. Co.*, No. 3:13–CV–196–HSO–RHW, 2014 WL 5514170, at *3 (S.D. Miss. Oct. 31, 2014) (quoting *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1047 (Miss. 1989)). Notwithstanding this fact, the Mississippi Supreme Court carved out a limited exception that, *inter alia*, allows an insured to maintain an "independent" claim against an insurance adjuster/agent for that agent's *own* conduct vis-à-vis the insured—so long as that conduct rises to the level of "gross negligence, malice, or reckless disregard for the rights of the insured." *Id.* (quoting *Bass v. California Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss. 1991)). Once again, the Ladner LLCs are only substantively bringing *Bass* gross negligence claims against IAS. Doc. [21], Ex. 1; [22], at 4. In turn, under Mississippi law, IAS's liability, if any, arises *solely* from its own, independent conduct vis-à-vis the Ladner LLCs. *Evanston Ins. Co.*, 2014 WL 5514170, at *3. Furthermore, in the event of an adverse declaratory ruling, the Ladner LLCs would, at most, be entitled to *less* insurance proceeds from Brit. *NuVasive, Inc.*, 853 F. Supp. 2d at 659. Such a ruling would not result in cognizable liability that the Ladner LLCs can "pass on" to IAS. *Ibid.*

Finally, the Ladner LLCs argue that other courts in the Fifth Circuit have "allowed" similar third-party complaints to proceed. Doc. [22], at 4. They cite two cases in support of this argument. *See Certain Underwriters at Lloyd's Subscribing to Pol'y no. TCN034699 v. Bell*, No. 5:13–CV–113–DCB–MTP, 2014 WL 4546046 (S.D. Miss. Sept. 11, 2014); *Cleveland v. French*, No. CIV. A 105–CV–565–LTS–JMW, 2006 WL 1195474 (S.D. Miss. May 1, 2006).

First, in *Certain Underwriters*, the insureds filed a state-court action against the insurer for damage to a large barn on their property. 2014 WL 4546046, at *1. Thereafter, the insurer filed a declaratory action in federal court seeking a judgment that it bears no liability for the insureds' claims. *Ibid.* After the insureds filed their answer, the insurer moved to strike the entire answer on

the grounds that, in relevant part, the third defense included a Rule 19 defense and motion to consolidate. *Ibid.* Finding the inclusion of a motion within the answer to be procedurally improper, the Court struck that portion of the insureds' third defense. *Ibid.* However, the Court did not dismiss the insureds' Rule 19 defense because it was not "clearly apparent" that the defense was not viable. *Id.*, at *2. Self-evidently, *Certain Writers* does not stand for the proposition that a defendant-insured can proceed—as a matter of course in a declaratory action—with a third-party complaint against an insurance company's agent/insurance adjuster.

Next, in *Cleveland*, the *insured* sued both the insurance company and its agent in state court. 2006 WL 1195474, at *1. After the case was removed to federal court, the insured moved to remand the case on the grounds that there was not complete diversity. *Ibid.* After concluding that the agent defendant was neither a diverse defendant nor fraudulently joined, the Court remanded the case to state court. *Id.* at *3. Self-evidently, the question of whether the original plaintiff can proceed with a lawsuit against both an insurance agent and an insurance company is legally distinct from whether a defendant can, *pursuant to Rule 14*, proceed with a third-party complaint. This case also does not support the Ladner LLCs' motion.

### C.  Rule 15

Notwithstanding the above, it is well-established that "[t]he relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (quotation omitted). In substance, the Ladner LLCs are seeking to amend their Answer, pursuant to Rule 15, in order to join IAS as a counter-defendant and assert claims against it. *See*, *e.g.*, *Nova Cas. Co. v. Guzman*, No. 3:20–CV–3440–B, 2021 WL 2014898, at *2 (N.D. Tex. May 20, 2021); *Bates Energy Oil & Gas, LLC*,

2017 WL 10576036, at *3. Since the present motion has not been opposed within the time allotted, L.U.Civ.R. 7(b)(4), the Court grants the motion as unopposed, L.U.Civ.R. 7(b)(3)(E).

## V.   <u>Conclusion</u>

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Ladner LLCs' [21] Motion is **DENIED** insofar as they seek Leave to File a Third-Party Complaint. On this point, the Clerk of the Court is directed to strike the erroneously-filed [23] third party complaint from the record. Nevertheless, the Ladner LLCs' [21] Motion is **GRANTED** insofar as they move for leave to file an Amended Answer naming IAS as a counter-defendant and alleging counterclaims against it.

**SO ORDERED AND ADJUDGED**, this the 15th day of February 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

7